UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENEE L. UNDERHILL,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV-10-00277-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND DENYING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 16, 19.) Attorney Maureen J. Rosette represents Renee Underhill (Plaintiff); Special Assistant United States Attorney Jordan D. Goddard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on March 1, 2006, alleging disability beginning June 1, 2005. (Tr. 69-71, 16.) She alleged disability due to a heart condition, fainting, fatigue, and shortness of breath (Tr. 16, 95.) Her claim was denied initially and on reconsideration. (Tr. 29-32, 36-37.) Plaintiff requested a

hearing before an administrative law judge (ALJ), which was held on November 29, 2007, before ALJ Hayward C. Reed. (Tr. 16-24.) Plaintiff, who was represented by counsel, testified at the hearing held in Spokane. (Tr. 747-766.) Also testifying was medical expert Stanley Hoffman, M.D., and vocational expert Deborah Lapoint. (Tr. 735-747, 766-770.) The ALJ denied benefits on August 22, 2008, and the Appeals Council denied review. (Tr. 16-24, 4-8A.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 52 years old with a college education. (Tr. 69, 92, 101, 161.) Plaintiff has past work experience in customer service, as a loan officer/auditor, mortgage loan officer, real estate agent and sales person. (Tr. 96.) Plaintiff stated she is married and lives in a motor home with her spouse. (Tr. 73.) Plaintiff reported that she experienced episodes later determined to be a seizure disorder. (Tr. 750-51.) During treatment after an episode, Plaintiff stated her heart condition was detected. (Tr. 751.) Treatment included placement of a pacemaker and defibrillator. (Tr. 752, 196.) In September 2007, Plaintiff testified that she fell and broke her left hip. (Tr. 755.) In October 2007, Plaintiff testified she fell again, breaking her right hip. (*Id.*) Plaintiff states she has not returned to work since diagnosis of her seizure disorder in 2005. (Tr. 750.) She testified she is unable to work or drive due to seizures. (Tr. 750, 753, 761.) Plaintiff states she can lift about 5 pounds (Tr. 758), must elevate and ice her leg

3-4 times a day (Tr. 756), and nap 1 or 2 times a day for about an hour. (Tr. 763.) She also complained of numbness in all her toes. (Tr. 756.)

## ADMINISTRATIVE DECISION

ALJ Reed found Plaintiff's date of last insured for DIB purposes was March 30, 2009. (Tr. 18, Finding 1.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2005, the alleged onset date. (*Id.*, Finding 2.) At step two, he found Plaintiff had a severe impairment of congestive heart failure. (*Id.*, Finding 3.) The ALJ concluded Plaintiff's hip fractures were not severe because they did not meet the 12-month duration requirement. (Tr. 19.) The ALJ also found Plaintiff's seizure disorder was non-severe because it was well controlled by medication. (*Id.*) The ALJ determined at step three Plaintiff's medically determinable impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 19, Finding 4.) The ALJ found Plaintiff's subjective complaints regarding functional limitations were not fully credible. (Tr. 21.) At step four, he determined Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can only stand and/or walk 2 hours in an 8-hour workday, occasionally climb, stoop, kneel, crouch, or crawl, should avoid hazardous conditions, and she should not be required to drive." (Tr. 20, Finding 5.) The ALJ found Plaintiff could perform her past relevant work as a loan officer because the "work does not require the performance of work-related activities precluded by the

claimant's residual functional capacity." (Tr. 23, Finding 6.) As a result, the ALJ concluded Plaintiff has not been under a disability from June 1, 2005, to the date of the decision. (Tr. 23, Finding 7.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in

weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d

1  920, 921 (9th Cir. 1971).  This burden is met once a claimant
2  establishes that a medically determinable physical or mental
3  impairment prevents her from engaging in her previous occupation.
4  20 C.F.R. §§ 404.1520(a), 416.920(a). This requires the presentation
5  of "complete and detailed objective medical reports of her condition
6  from licensed medical professionals." *Meanel v. Apfel,* 172 F.3d
7  1111, 1113 (9th Cir. 1999).

8  If a claimant cannot do her past relevant work, the ALJ
9  proceeds to step five, and the burden shifts to the Commissioner to
10 show that (1) the claimant can make an adjustment to other work; and
11 (2) specific jobs exist in the national economy which claimant can
12 perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v.*
13 *Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**ISSUES**

15 The question is whether the ALJ's decision is supported by
16 substantial evidence and free of legal error.  Plaintiff argues the
17 ALJ erred when he: (1) found Plaintiff's hip fractures and seizure
18 disorder were non-severe; and (2) improperly rejected the opinions
19 of Plaintiff's treating physician. (ECF No. 17 at 12, 13.)
20 Plaintiff also argues new evidence considered by the Appeals Council
21 but not reviewed by the ALJ supports remand.[1]  Defendant contends the

---

[1] When the Appeals Council considers evidence submitted after the ALJ's decision in the context of denying review, the issue on appeal to federal court becomes whether the record is limited to the evidence presented to the ALJ or also includes the new evidence submitted to the Appeals Council, but never seen by the ALJ.  In the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

ALJ's decision is supported by substantial evidence and free of legal error.  (ECF No. 20 at 6-15.)

**DISCUSSION**

**A.   Step Two**

Plaintiff argues the ALJ erred at step two when he failed to find her hip fractures and seizure disorder were not severe impairments. (ECF No. 17 at 12.)  To qualify for benefits under the Social Security Act, a claimant must establish that a medically determinable physical or mental impairment or combination of impairments (1) has lasted or can be expected to last 12 months and (2) limits the Plaintiff's ability to engage in substantial gainful activity.  42 U.S.C. § 423(d)(1)(A), (2)(B).  The regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  20 C.F.R. §§ 404.1508, 416.908; 20

---

Ninth Circuit, when the Appeals Council specifically considers new materials in the context of denying a claimant's request for review, "we consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council."  *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see also Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).  If the new evidence shows there is a "reasonable possibility" that it would change the outcome of the ALJ's determination, then remand is appropriate to allow the ALJ to consider the evidence.  *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).  Because the Appeals Council considered Plaintiff's new evidence (Tr. 4-8A), it is part of the record this court reviews.

C.F.R. §§ 404.1520(c), 416.920(c). As directed in the Commissioner's ruling, "[g]reat care should be exercised in applying the not severe impairment concept." Social Security Ruling ("*SSR*") 85-28.[2] A decision of the ALJ will not be reversed for errors that are harmless, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), but if new evidence shows there is a "reasonable possibility" it would change the ALJ's decision, then remand is appropriate. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Further, if new evidence is probative as to whether a claimant's impairments are severe, remand is appropriate. *See Johnson v. Schweiker*, 656 F.2d 424, 426 (9th Cir. 1981) (finding new evidence probative as to whether an impairment was severe and therefore "good cause" existed to remand the matter).

**1.  Hip Fractures**

The ALJ found Plaintiff's "hip fractures have not been severe for more than 12 months, and no longer cause significant limitations in the claimant's ability to perform basic work activities." (Tr. 19.) As the ALJ notes, "[i]n September 2007, claimant fell and

---

[2] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991). The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

fractured her left hip requiring open reduction and internal fixation. Six weeks later, she fell and fractured her right hip requiring percutaneous pin fixation." (Tr. 19.) In finding Plaintiff's hip fractures "non-severe," the ALJ cites records from December 2007 to April 2008. Plaintiff was treated by two orthopedists–Dwight Keller, M.D., and J. Wheaton, M.D. In December 2007, Dr. Keller notes her left hip is healing "vigorously," and in regards to her right hip he states, "[r]ight hip intracapsular fracture. It is in good position. Difficult to tell whether it is absolutely healed and of course there is a strong risk for avascular necrosis, but for now, nothing need be done except to treat her underlying debilitated condition." (Tr. 519.) Dr. Keller recommended physical therapy "for gait training, strengthening, stretching, and aerobic conditioning." (*Id.*) In March 2008, Plaintiff twisted her left ankle "when she stumbled on some irregular cement." (Tr. 590.) While she is noted to be still ambulating, it was with a cane. (*Id.*) In April 2008, Dr. Wheaton treated Plaintiff and found Plaintiff had an abnormal gait, and "[p]alpation around the hip and pelvis reveals exquisite tenderness in the right sacroiliac region, as well as the right trochanteric bursa. One can palpate some prominent pins in this area. Also of note in the lower extremities is significant atrophy and deconditioning." As the ALJ notes, surgery was recommended. (Tr. 19, referring to Tr. 591.) Dr. Wheaton's assessment included: right femoral neck fracture, healed with protrusion of pins and bursitis; inter-trochanteric fracture, left hip, healed with heterotopic ossification; right sacroilliac strain; ankle sprain; and cognitive impairment. (Tr. 591.)

While the ALJ's decision was rendered in August 2008, only 11 months after Plaintiff sustained her first hip fracture, the record evidence suggests Plaintiff's hip fractures continued to have more than a minimal effect on Plaintiff's work abilities.  The record evidence also supports that Plaintiff would continue to suffer effects for at least another month.  Even though the ALJ found the hip fractures no longer limiting, the evidence Plaintiff was unable to sleep and still had an abnormal and antalgic gait does not support this conclusion.  Because the ALJ's finding Plaintiff's hip fractures had not been severe for 12 months and were no longer causing limitations on work abilities was not supported by substantial evidence, remand is necessary.

Plaintiff's new evidence also supports remand.  For example, Plaintiff's new evidence from November 2009 shows that while the pins were eventually removed, Plaintiff's pain significantly increased after removal.  (Tr. 731.)  Dr. Keller states, "she has had just an increasing pattern of pain since [the pin removal] to the point where it is now excruciating in her right groin."  (*Id.*)  Dr. Keller concludes, "Basically, her right hip avascular necrosis is [a] predictable consequence of her original injury to the right hip and there is no other effective treatment except a total hip arthroplasty."[3]  (*Id.*)  This new evidence shows both a "reasonable

---

[3] "Arthroplasty" is the "creation of an artificial joint to correct" a diseased joint.  It is a "total joint arthroplasty" when "both joint surfaces are replaced without the removal of the articular disk."  *Stedman's Medical Dictionary* 136 (25th Ed. 1990).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

possibility" the ALJ's decision may change, *Mayes*, 276 F.3d at 462, and is also probative as to the continuing severity of Plaintiff's hip fractures during the relevant time, *Johnson*, 656 F.2d at 426. In short, while the ALJ found Plaintiff's hip fractures to be a non-severe impairment, neither evidence before the ALJ nor the new evidence Plaintiff provided to the AC supports this conclusion. As a result, the matter must be remanded to allow the Commissioner to make appropriate step two findings and conduct a new sequential evaluation.[4]  While this issue requires remand and is dispositive, Plaintiff also challenged the ALJ's finding her seizure disorder was not severe and the rejection of the opinion of Plaintiff's treating physician, Dr. Poole.

**2.   Seizure Disorder**

By contrast, the ALJ's finding Plaintiff's seizure disorder is non-severe was based on substantial evidence and new evidence does not require a remand on this issue. For example, the ALJ explained Plaintiff's neurologist, Shannon Grosdidier, M.D., found Plaintiff had not had a seizure since June 2007 (Tr. 637) and only her ability to drive was limited (Tr. 635). (Tr. 19.) As to Plaintiff's new

---

[4] While Plaintiff did not challenge the ALJ's step three finding to this court relating to Plaintiff's use of a walker, the record is not clear whether Plaintiff was prescribed the walker or if as the ALJ concludes, "claimant's use of the walker is volitional to evoke sympathy, and not medically necessary." On remand, the ALJ should ascertain the extent of Plaintiff's restrictions on ambulation throughout the relevant time period.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

evidence, while Dr. Grosdidier's September 2008 letter does clarify that Dr. Grosdidier not only limited Plaintiff's ability to drive but also her ability to work (Tr. 671), this letter has little evidentiary value because it was obtained only after the ALJ issued an adverse determination. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996); *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1550 (9th Cir. 1985). As a more favorable post-decision report not supported by independent new findings, the letter does not have a "reasonable possibility" of changing the ALJ's decision. *Mayes*, 276 F.3d at 462. Further, treating physicians are not entitled to special deference as to findings reserved to the Commissioner of whether Plaintiff is disabled. *SSR* 96-5p. In summary, Plaintiff's new evidence regarding her hip fractures requires remand; however, the ALJ's finding Plaintiff's seizure disorder is non-severe was supported by substantial evidence, and new evidence does not change this conclusion.

**B.  Rejection of Dr. Poole**

Plaintiff argues the ALJ improperly rejected the opinion of Plaintiff's treating cardiologist Jeanne Poole, M.D. (ECF No. 17 at 20.) Defendant argues the ALJ's rejection was proper. (ECF No. 20 at 12.) The opinions of treating physicians are entitled to controlling weight only as to the nature and severity of Plaintiff's impairments. *See SSR* 96-2p; *SSR* 96-5p. To receive controlling weight, the opinion must be well-supported and consistent with the other substantial evidence in the case record. *SSR* 96-2p. If not entitled to controlling weight, the contradicted opinion may only be rejected with "specific" and "legitimate" reasons supported by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

evidence, while Dr. Grosdidier's September 2008 letter does clarify that Dr. Grosdidier not only limited Plaintiff's ability to drive but also her ability to work (Tr. 671), this letter has little evidentiary value because it was obtained only after the ALJ issued an adverse determination. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996); *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1550 (9th Cir. 1985). As a more favorable post-decision report not supported by independent new findings, the letter does not have a "reasonable possibility" of changing the ALJ's decision. *Mayes*, 276 F.3d at 462. Further, treating physicians are not entitled to special deference as to findings reserved to the Commissioner of whether Plaintiff is disabled. *SSR* 96-5p. In summary, Plaintiff's new evidence regarding her hip fractures requires remand; however, the ALJ's finding Plaintiff's seizure disorder is non-severe was supported by substantial evidence, and new evidence does not change this conclusion.

**B.  Rejection of Dr. Poole**

Plaintiff argues the ALJ improperly rejected the opinion of Plaintiff's treating cardiologist Jeanne Poole, M.D. (ECF No. 17 at 20.) Defendant argues the ALJ's rejection was proper. (ECF No. 20 at 12.) The opinions of treating physicians are entitled to controlling weight only as to the nature and severity of Plaintiff's impairments. *See SSR* 96-2p; *SSR* 96-5p. To receive controlling weight, the opinion must be well-supported and consistent with the other substantial evidence in the case record. *SSR* 96-2p. If not entitled to controlling weight, the contradicted opinion may only be rejected with "specific" and "legitimate" reasons supported by

substantial evidence in the record. *Flaten v. Secretary of Health and Human Serv.,* 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir. 1989). The opinion of a non-examining medical expert supported by other substantial evidence in the record can be the basis upon which to reject the opinion of a treating or examining physician. *Magallanes,* 881 F.2d at 751–52; *Andrews v. Shalala,* 53 F.3d 1035, 1042–43 (9th Cir. 1995).

Plaintiff argues the ALJ improperly rejected the opinion of Plaintiff's treating cardiologist Jeanne Poole, M.D. (ECF No. 17 at 20.) Defendant argues the ALJ's rejection was proper. (ECF No. 20 at 12.) In March 2006, Dr. Poole opined Plaintiff was unable to drive and work for two years because of her cardiac condition and syncope. (Tr. 292.) The ALJ gave "little weight to the letter written by Jeanne Poole, M.D." because "Dr. Poole's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive." (Tr. 22-23.) In support of that statement, the ALJ refers to Plaintiff's treating neurologist, Dr. Grosdidier, who in June 2008 opined Plaintiff's only limitation due to epilepsy was an inability to drive. (Tr. 22.) The ALJ also refers to the opinion of Plaintiff's treating neurologist, Dr. Holmes. (*Id.*) Dr. Holmes opined, "In regards to working, [Plaintiff] should avoid occupations that would put her or others in harm should she experience loss of consciousness." (Tr. 291.) At the time of the ALJ's decision, no other provider felt Plaintiff was unable to work due to her seizure disorder. Further, just a few months prior to the ALJ's decision, Plaintiff's treating neurologist

Dr. Grosdidier found Plaintiff's last seizure was in June 2007. (Tr. 595-96.) In addition, relying on the testimony of medical expert Dr. Hoffman and objective testing, the ALJ found Plaintiff's cardiac condition had stabilized and improved. (Tr. 22.) The ALJ's reliance on the opinion of Dr. Hoffman and Dr. Hoffman's interpretation of objective testing is proper. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (stating "[T]o the extent that [the nontreating physician's] opinion rests on objective clinical tests, it must be viewed as substantial evidence"). The evidence before the ALJ did not support Dr. Poole's opinion. As a result, the ALJ did not err in rejecting the opinion of Dr. Poole because substantial evidence supports the ALJ's conclusion Dr. Poole's opinion is inconsistent with the record.

As for Plaintiff's new evidence, the September 2008 letter from Dr. Grosdidier states Plaintiff can neither drive nor work. (Tr. 671). While Dr. Grosdidier's letter clarifies she does "not feel [claimant] is appropriate for full-time employment" (Tr. 671), this correspondence (1) is from the same doctor who provided an earlier letter (Tr. 635), (2) was submitted after the ALJ's unfavorable decision, and (3) was not supported by independent new findings. *See Weetman*, 877 F.2d at 23. The letter also reflects that Dr. Grosdidier's "last [treatment] note" was "dated April 23, 2008" which predated the doctor's first letter. In addition, the evidence from Dr. Holmes (Tr. 291) contradicts Dr. Grosdidier's opinion Plaintiff cannot work and supports the ALJ's decision. With the evidence the ALJ had before him, the ALJ's decision to reject Dr. Poole's opinion that Plaintiff cannot work is based on substantial

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

1  evidence.  The new evidence does not reflect a "reasonable
2  possibility" of changing the ALJ's decision on this issue. *Mayes*
3  276 F.3d at 462.

4  Because remand is necessary due to the ALJ's findings related
5  to Plaintiff's hip fractures, the matter will be remanded to the
6  Commissioner for a new determination. Further, because the error at
7  step two taints the entire sequential evaluation process, a new
8  sequential evaluation must be undertaken including a new credibility
9  determination. However, the court notes, a step two determination
10 Plaintiff has a severe disability is merely a threshold
11 determination, and Plaintiff may not necessarily succeed on her
12 claim that she is disabled once the complete sequential evaluation
13 is performed. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir.
14 2007); *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000); *Tackett*
15 *v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Kail v. Heckler*, 722
16 F.2d 1496, 1497 (9th Cir. 1984). Conversely, a reasonable ALJ may
17 find Plaintiff "disabled" upon consideration throughout the
18 sequential evaluation process of all limitations caused by medically
19 determinable impairments (severe and non-severe) in combination (as
20 required by 20 C.F.R. §§ 404.1523, 416.923). *Stout v. Commissioner,*
21 *Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).
22 Accordingly,

23 **IT IS ORDERED:**

24 1. Plaintiff'S Motion for Summary Judgment **(ECF No. 16)** is
25 **GRANTED** and the matter is remanded to the Commissioner for
26 additional proceedings consistent with the decision above and
27 pursuant to sentence four of 42 U.S.C. § 405(g).

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

2. Defendant's Motion for Summary Judgment **(ECF No. 19)** is **DENIED.**

3. Application for attorney's fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **PLAINTIFF** and the file shall be **CLOSED.**

DATED August 29, 2011.

```
                        S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE
```

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16